[No. 2256. Decided November 6, 1896.]

# THE STATE OF WASHINGTON, *Respondent*, v. FRANK HOLEDGER, *Appellant*.

OBSCENE LITERATURE — INDICTMENT — SCIENTER — JUROR — QUALIFICATIONS — BIAS — MISCONDUCT OF JUDGE — INDORSEMENT OF WITNESSES' NAMES.

An indictment, charging defendant with knowingly, unlawfully, maliciously, scandalously and feloniously composing, editing, printing, selling, distributing and offering for sale, etc., a certain lewd, scandalous, obscene and indecent newspaper, sufficiently charges the commission of the offense defined by § 205, Penal Code, although there is no allegation of knowledge on the part of defendant as to the character of the publication, since such knowledge must necessarily be presumed from the fact of his editing and composing the publication.

An indictment for publishing, editing and selling obscene and indecent literature, which charges defendant with editing, printing, selling, distributing and offering for sale and distribution a certain lewd, scandalous, obscene and indecent newspaper, is not objectionable on the ground that it charges the commission of more than one crime, since all are but one offence, laid as committed in different ways.

Laws 1895, p. 139, providing that county commissioners shall select as jurors such only as are householders is not in violation of art. 1, § 21, of the constitution, which provides that the right of trial by jury shall remain inviolate.

In the examination of a juror upon his *voir dire* it is improper to ask him whether he would attach more importance or credibility to the testimony of a minister than to that of any one else.

The fact that the court asked counsel for defendant, in the presence of the jury, whether they had any objection to the separation of the jury before verdict, is not ground of reversal, in the absence of any proof that defendant was prejudiced thereby.

The indorsement of the name of an additional witness upon the information after the beginning of the trial, only entitles the defense to a continuance, and is not ground of error when a continuance for that reason is not applied for.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge. Affirmed.

*Fenton & Saunders*, and *James L. Crotty*, for appellant.

*J. W. Feighan*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was indicted for the crime of publishing, editing and selling obscene and indecent literature in Spokane county, Washington. The essential part of the information was as follows :

" Frank Holedger is hereby charged with the crime of publishing, editing and selling obscene and indecent literature, committed as follows, to-wit : That on the 12th day of January, A. D. 1895, at the county of Spokane and state of Washington, Frank Holedger then and there being, did then and there knowingly, unlawfully, maliciously, scandalously and feloniously compose, edit, print, sell, distribute and offer for sale and distribution a certain lewd, scandalous, obscene and indecent newspaper of the date of January 12th, 1895, commonly known as the Spokane Sunday Sun. Contrary to the statute," etc.

To this information a demurrer was interposed on the following grounds:   (1) That the said information does not substantially conform to the requirements of the Code of Washington; (2) that the facts charged in the information do not constitute a crime.

The appellant relies upon the statute which provides that the indictment or information must be direct and certain as it regards, (1) the party charged; (2) the crime charged; (3) the particular circumstances of the crime charged when they are necessary to a complete crime, as specified in § 1236, Code Proc., and § 1238, *idem*, which provides that " the indictment or information must charge but one crime and in one form only, except that where the crime may be committed by the use of different means, the in-

dictment or information may allege the means in the alternative." It is urged by the appellant that the facts charged in this information do not constitute a crime, that the words, "knowingly, unlawfully, maliciously, scandalously and feloniously," as used in the information, qualify the acts " compose, edit, print, sell, distribute and offer for sale and distribution;" that the information should allege that the defendant not only knowingly, unlawfully, scandalously and feloniously composed, edited, printed, etc., a certain lewd, scandalous, obscene and indecent newspaper, but that he should have done some one of these acts with the knowledge that the said paper was scandalous, obscene and indecent; that the *scienter* or guilty knowledge is one of the principal ingredients of this offence.

The statute upon which this information is based is § 205 of the Penal Code, and is to the effect that, —

" If any person shall import, print, publish, sell, lend, give away, distribute or show, or have in his possession, with intent to sell or give away or to show or advertise or otherwise offer for loan, gift, sale or distribution, any obscene or indecent book, magazine, pamphlet, newspaper, story-paper, writing-paper, picture, engraving, drawing or photograph, or if any person shall design, copy, draw, photograph, print, utter, publish or otherwise prepare any of the articles mentioned in this section, or shall write or print or cause to be written or printed, . . . he shall be punished," etc.

The appellant has cited a number of cases in support of this contention, but we do not think from an investigation of them that they are in point so far as this particular kind of a crime is concerned. For instance, in the case of *Commonwealth v. Boynton*, 12 Cush. 499, where an indictment charged that the

defendant "did knowingly sell unto one Jeremiah Barker, a certain piece of diseased, corrupted and unwholesome provision, to-wit, one hind leg of veal, the said Boynton not then and there making known fully to said Barker that the same was diseased, corrupted and unwholesome," etc., the indictment was held bad, and the court rightfully held that the guilty knowledge or evil intent of a party in selling meat was the foundation of the indictment, and it might very well happen that a person engaged in the business of selling meat would knowingly sell it, and of course he would knowingly sell it if he sold it at all, without knowing that it was diseased meat; and in a case of that kind, as a matter of course the allegation of the knowledge that the meat was diseased would be necessary.

But this is not a kindred proposition, for here the appellant is charged with knowingly, unlawfully, maliciously, scandalously and feloniously, composing, editing, printing, selling, distributing and offering for sale, etc., a certain lewd, scandalous, obscene and indecent newspaper. If one can edit and compose a publication without knowledge of its obscene character being conclusively presumed, then it would be idle to allege knowledge of its obscene character, because there would be no way of proving that he did have such knowledge. Such knowledge must be conclusively presumed from the fact of his editing and composing the publication, and we have no doubt that a person of reasonable understanding could readily determine what he was charged with by the knowledge conveyed in this information.

The other contention, that more than one crime is charged in the indictment, we think is clearly without foundation. In the case of *State v. Carr*, 6 Ore. 133,

under a statute substantially like ours, it was held that the indictment was sufficient. That case was decided on the law as pronounced in 1 Bishop's Criminal Procedure, (3d ed.), § 586, which is as follows:

"If a statute makes it a crime to do this, or that, or that, mentioning several things disjunctively, all may indeed, in general, be charged in a single count; but it must use the conjunctive " and " where " or " occurs in the statute, else it will be defective as being uncertain. All are but one offence, laid as committed in different ways. And proof of it in any one of the ways will sustain the allegation. On the other hand, the indictment may equally well charge what comes within a single clause of the statute, and still it embraces the complete proportions of an offence."

This doctrine, we think, has been followed by the courts generally. We think the information was in all particulars good.

The second assignment of error is in relation to appellant's challenge and objection to the panel of jurors summoned and empaneled in the cause, based on the idea that the statute in relation to the qualifications of jurors, viz., page 139 of the Laws of 1895, which provides that the county commissioners shall select from the persons qualified to act as jurors the names of householders, is in conflict with § 21 of Art. 1 of the constitution of the state of Washington. This has been decided adversely to the appellant's contention by this court in a recent case, to-wit, *Redford v. Spokane Street Ry. Co., ante,* p. 419.

Assignment three falls under the same ruling.

The fourth assignment is that the court erred in overruling the challenge of appellant to juror Calvert.

We are satisfied from the testimony that the juror Calvert was a householder and a proper juror.

The fifth assignment of error is that the court erred

in sustaining the objection of the state to the questions propounded to juror Calvert. The questions were: "Would you attach more importance or credibility to the word of a preacher outside of court than any other gentleman?" and second, "Would you attach more credence to the testimony of Dr. McInturff, a minister of the gospel, than that of any one else?" These questions are so apparently improper and irrelevant that we do not feel called upon to enter into a discussion of them.

Assignments six, seven and eight are of the same character.

The appellant complains in his ninth assignment that the court erred in asking counsel for appellant, in the presence and hearing of the jury if they had any objection to the separation of the jury. In the absence of any proof to the effect that the appellant was prejudiced in any way by the action of the court, we do not feel like reversing a case on this ground alone; but we desire to take occasion to say that considering the difficulty of making such a showing of injury by the party who claims to be aggrieved, we think it is a practice which should not be indulged in by trial courts, because, as appellant complains, if they did entertain any objection to the separation of the jury they were called upon to so state in the presence of the jury, and would thereby run the risk of incurring the displeasure of some juror. The court could very easily call counsel to him and ascertain privately and without the knowledge of the jury whether there were any objections to their separation.

The next assignment, viz., that the jury was not drawn in the manner and by the officers provided by law, we think cannot be sustained. Under the pro-

viso to § 3, ch. 78, p. 139, of the Session Laws of 1895, we think the jury was properly drawn.

We are also satisfied from the record that the juror Claven was the person intended to be drawn under the name of Klawon.

The eleventh assignment is that the court erred in permitting the state, over the objection of the appellant, after the jury in the cause had been accepted and sworn to try the cause, to endorse the name of Albert J. Brill as a witness for the state upon the information. It has been frequently held by this court that such act on the part of the prosecuting attorney would only entitle the defense to a continuance. It not appearing from the record that a continuance was asked for in this cause, for the reason alleged, the objection will not be sustained.

The twelfth assignment is based on the insufficiency of the information and has already been discussed.

The allegations of error in regard to the overruling of the objection of appellant to certain testimony we think, without specially reviewing the questions, are without merit. The questions were all pertinent and admissible under the indictment.

The twenty-second assignment, that the court erred in overruling appellant's motion made at the close of the state's testimony, for a peremptory instruction to the jury to find a verdict for the appellant of not guilty, on the ground that there was no evidence to sustain any of the allegations in the information, and that the evidence was wholly insufficient in the law and in fact to sustain the charge against the defendant, cannot be sustained. From a review of the testimony in this case we think the evidence was amply sufficient to sustain the verdict.

Many instructions of the court are assigned as

29—15 WASH.

error, and error is assigned for the reason that certain instructions asked for by the appellant were not given by the court. Many of the objections to the instructions are exceedingly strained and some of them seem to us to be entirely captious. On the whole we are satisfied that the law was correctly given by the court, and that the requests for instructions which were refused had either in substance been given by the court or did not embrace the law governing the case.

We do not think that the affidavit made by witness Mecham is sufficient, conceding his right to make the affidavit at all, to work a reversal of the case.

The judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.