[No. 3100.  Decided November 23, 1898.]

JULIUS HORST, *Respondent,* v. JULIUS SILVERMAN *et al.,*
*Appellants.*

JURORS—EXAMINATION ON VOIR DIRE—BIAS—RELIGIOUS BELIEF.

In the examination of a juror on the *voir dire*, it is improper to ask him whether he would give as much credit to witnesses professing a certain religious belief as he would to members of any other faith.

Appeal from Superior Court, Spokane County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*Samuel R. Stern,* for appellants.
*Boney & Hoyt,* and *W. H. Ludden,* for respondent.

PER CURIAM.—Plaintiff's action was brought to recover damages for injuries sustained from falling through an unguarded trap door in defendant's store, located in the city of Spokane. From a judgment in plaintiff's favor, the defendants have appealed.

The principal claim urged is that the verdict is unsupported by the evidence, and that the plaintiff was guilty of negligence contributing to the injury complained of. There was competent evidence, much of which was received without objection, which went directly to support plaintiff's theory, and the question was peculiarly one to be submitted to the determination of a jury.

Another contention is that the court erred in sustaining an objection to a question asked by appellant's counsel of

juror Gildea on the *voir dire*. For the purpose of enabling counsel to intelligently exercise his right of peremptory challenge, it was proper enough to permit the question to be asked of the juror whether he entertained any prejudice against the people of the Jewish faith. This the court permitted, but the next ensuing question, viz., "Would the testimony of witnesses who professed that faith receive as much credit as members of any other faith?" was, we think, very properly ruled out on the authority of *State v. Holedger,* 15 Wash. 443 (46 Pac. 652).

The court did not err in refusing to discharge juror Williams after the trial had commenced, upon the claim that he had been guilty of falsehood and concealment in his *voir dire* examination. We are convinced that the juror answered frankly and concealed nothing that he was called upon to reveal, by any fair construction of the questions directed to him. We think the case was fairly tried, and the verdict justified by the evidence. The assignments of alleged error not specifically noticed are considered to be without merit, and the judgment is affirmed.