## BILLINGTON v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 4, 1926.)

No. 4642.

1. **Jury** ⊗⟹92.

Juror *held* not disqualified because stepdaughter, as public stenographer, at one time had desk room in office with assistant district attorney, whom juror had met, but never had any business relations with.

2. **Criminal law** ⊗⟹1166½(8).

Refusal to disqualify juror stating that he would pay more attention to testimony of officer *held* not prejudicially erroneous, where conviction was based on testimony of witnesses not officers.

3. **Criminal law** ⊗⟹400(3).

Objection to question on cross-examination concerning contents of affidavit *held* properly sustained; affidavit being best evidence thereof.

4. **Criminal law** ⊗⟹656(9).

Observation of court during colloquy, after refusal to admit question on cross-examination as to affidavit made by witness, that affidavit did not tend to impeach testimony, *held* not improper.

5. **Criminal law** ⊗⟹1168(2).

Motion to produce affidavit made by witness *held* properly denied, where witness admitted on cross-examination that affidavit contradicted testimony given.

6. **Witnesses** ⊗⟹270(2)—Witness, who at time of arrest claimed to be proprietor of place where liquor was sold, but later stated she was operating it for defendant, may not be cross-examined as to whether she understood she was accused of doing wrong in selling liquor.

Where person in charge of place where liquor was found claimed to be proprietor at time of arrest, and later testified she was operating it for defendant, objection to cross-examination as to whether she understood she was accused of doing wrong in selling liquor, *held* properly sustained.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Arthur Billington was convicted of a crime, and he brings error. Affirmed.

Hugo Braun, of Saginaw, Mich. (Rockwith & Braun, of Saginaw, Mich., on the brief), for plaintiff in error.

Otto J. Manary, Asst. U. S. Atty., of Bay City, Mich. (Delos G. Smith, U. S. Atty., and Wallace Visscher, Asst. U. S. Atty., both of Detroit, Mich., on the brief), for the United States.

Before DONAHUE and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. [1, 2] A reversal of the judgment of conviction in this case is sought upon the ground, among others, of the refusal of the court to sustain defendant's challenge of two jurors for cause. One of them had a stepdaughter, who was a public stenographer and at one time had desk room in an office with the assistant district attorney. He had met the assistant district attorney, and occasionally saw him, but had never had

any business or intimate relation with him. Upon these facts defendant asked that the juror be excused as disqualified. The court was clearly right in overruling the motion.

The contention as to the other rests on the examination on the voir dire, wherein the court, at the request of defendant, asked, "Just because a person is an officer of the law, will you give any more or less credit to his testimony?" to which the juror replied, "With an officer I would pay more attention to him." It is doubtful that the inquiry related to a proper subject of examination (see State v. Holedger, 15 Wash. 443, 46 P. 652, and State v. Hoffman, 85 Or. 276, 166 P. 765, 1 A. L. R. 1683); but, aside from that, the response did not, in our view, show any prejudice against the accused or his business. Its broadest indication was that, if the witness happened to be an officer of the law, the juror for that reason would be inclined to attach additional weight to his testimony, whatever it might be—whether favorable or unfavorable to the accused. But, although it did not indicate prejudice against the accused, the acceptance of a juror confessing such predilections is unwise, and for obvious reasons might well turn out to be prejudicial error. It was not such error in this case, because the conviction was clearly based on the testimony of witnesses who were not officers of the law. [3, 4] Another contention is that the court erred in sustaining an objection to a question on cross-examination concerning the contents of an affidavit that the witness had made. Among the reasons for the ruling, a sufficient one, we think, was that the affidavit was the best evidence of any statement which it contained in contradiction of the witness' testimony. A copy of the affidavit was in the possession of counsel for defendant, the original having been lost. The copy was not shown to the witness or offered in evidence. It did not, so far as the record shows, contradict the witness. During the colloquy between counsel for defendant and the court, in which the affidavit was under discussion, the court observed that it did not tend to impeach the testimony of the witness but tended to corroborate it. To this observation defendant objected. It was not improper, we think, in view of the attempt to discredit the witness with respect to an affidavit that was not shown to him and when examined by the court not only did not contradict the witness but corroborated his statements on the witness stand.

[5, 6] The objections to the denial of the motion to require the government to produce the original affidavit of the witness Richards are trivial and wholly without merit. The witness admitted on cross-examination that the affidavit contradicted the testimony that she had just given; and besides, counsel for defendant was furnished with a copy of the affidavit, which he was permitted to use in any proper way that he desired. Nor was it error, on the cross-examination of this witness, to sustain an objection to the question: "Did you understand you were accused by the government of doing anything wrong in selling liquor there?" The witness was in charge of the place where the liquor was found. When arrested she claimed to be the proprietor, but later testified that she was operating it for the accused. The question was wholly immaterial, as it had no bearing whatever on any issue in the case. But, if it had been important, it appears later in the cross-examination that the witness was asked substantially the same question, to which a definite reply was made.

Judgment affirmed.