THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAX SPIEGEL, Appellant.

First Department, June 24, 1927.

Crimes — violation of Penal Law, § 1141, relating to possession of obscene prints — defendant had possession of plates — evidence shows knowledge of contents — conviction affirmed.

The conviction of the defendant of the crime of possessing obscene prints, in violation of section 1141 of the Penal Law, is affirmed. While the defendant contends that he had no knowledge of the contents of certain plates found in his possession, the evidence shows that he knew that the plates contained obscene matter.

PROSKAUER and McAVOY, JJ., dissent, with opinion.

APPEAL by the defendant, Max Spiegel, from a judgment of the Court of Special Sessions of the City of New York, rendered on the 14th day of February, 1927, convicting him of a violation of section 1141 of the Penal Law.

*Oscar S. Rosner* of counsel [*Alvin S. Rosenson* with him on the brief; *Baker & Obermeier*, attorneys], for the appellant.

*William B. Moore, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

PER CURIAM. The defendant has been convicted of having in his possession for distribution certain printed matter which appears from the record to be blatantly and notoriously obscene. There is ample evidence to sustain the conviction. No technical question was raised on the trial by the defendant as to the form of the indictment, the one issue upon which the parties submitted the case to the trial court being the issue of fact as to whether the defendant knew of the filthy character of the matter. There was no question raised but that the prints contained obscene matter or that there was any distinction between the prints in evidence and the other plates. The trial court was particular to question the counsel for

the defendant as to the point at issue, the court saying: " The point, as I understand it, you make from the very beginning of the case is that this defendant did not know what was in the bundles. Mr. Rosner: In addition, that the possession that is contemplated by the section must be proved to be such possession as was voluntary and with knowledge. The Court: The knowledge is the principal thing. Mr. Rosner: And the voluntary possession. The Court: The only defense I see is that this matter was handed into his hands without him knowing what it was. Mr. Rosner: Without his knowing as to the contents. The Court: Without his knowledge as to the contents. The motion will be denied and the defendant found guilty. Mr. Rosner: I respectfully except."

On the issue of fact as to whether the defendant knew what the plates contained, the People proved that the defendant received this printing job from an unknown man who delivered to him the plates and the paper; that the work was to cost $1,200 and that the defendant received only $150 in cash without any knowledge, if his statement is to be believed, as to where he was to obtain the remaining $1,050 for the job. In addition he was not engaged in the business of bookprinting, as this was the only book he had printed. Furthermore, the person whom he had engaged to do the printing for him testified that the reason he received the job was because he had accidentally met the defendant in the subway station and had told the defendant that he was slack of work, and the defendant said to him " maybe I can do something for you," and later called him up and said he had a big job for him. Yet this man, who, according to his own testimony, was slack of work, testified that he did the work on Saturday afternoons and after hours. All this testimony and the reasonable inferences therefrom went unanswered. The defendant did not take the stand.

The judgment appealed from should be affirmed.

FINCH, MERRELL and MARTIN, JJ., concur; PROSKAUER and McAVOY, JJ., dissent.

PROSKAUER, J. (dissenting). This defendant has been convicted for possession of certain obscene printed matter, " with intent to sell and show." The proof was that the defendant had in his possession the two engraved metal plates from which pages of a book were to be printed. He did not do the printing himself, but employed a third person to do it. He certainly had no intent to " sell and show " these plates, which are substantially illegible. Nor is there a scintilla of proof that he had any knowledge of their contents. He never saw the sheets which were printed from

them and they are themselves readable only by the process of studying them out from right to left. It is noteworthy, moreover, that the People's brief concedes that the two plates which were put in evidence constituted a part of some two hundred plates. It is unreasonable to assume that the defendant deciphered all two hundred of these plates or, by chance, the two plates marked in evidence. The inference that he knew the contents of the plates is, therefore, unfounded. To convict under this statute, it is necessary to prove that defendant had knowledge of the contents of the plates. (*People* v. *Brainard*, 192 App. Div. 816; *People* v. *Persce*, 204 N. Y. 397; *Rosen* v. *United States*, 161 U. S. 29; *State* v. *Holedger*, 15 Wash. 443; 46 Pac. 652.)

For these reasons I dissent and vote to reverse and dismiss the information and discharge the prisoner.

McAVOY, J., concurs.

Judgment affirmed.