[No. 37-40630-2.    Division Two.    October 30, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. CECIL ANDREW PINKERTON, *Appellant.*

*McCormick, Hoffman, Rees & Arnold* and *J. Kelley Arnold,* for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel, Eugene G. Olson, Chief Criminal Deputy,* for respondent.

PER CURIAM.—Defendant was convicted of burglary in the second degree. Defendant's appointed counsel has submitted a brief setting forth three issues which might arguably support an appeal. Contemporaneously, counsel has sought leave to withdraw in accordance with the rule announced in *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). Accordingly, the state has moved to dismiss the appeal as frivolous. The matter was heard before the court in oral argument, and the merits of the appeal have been considered.

The three assignments of error are as follows: (1) The defendant was convicted upon the uncorroborated testimony of an alleged accomplice; (2) the trial court failed to make a pretrial determination as to the admissibility of the alleged accomplice's testimony; and (3) that prejudice resulted from inquiries by the trial court in the presence of the jury regarding the desires of the parties as to the sepa-

ration of the jury. Having examined the record, we find the first and second assignments of error to be frivolous.

In order to properly face the issue presented by the third assignment of error, the record must be briefly summarized. On two occasions, immediatey after the state's opening statement and again after both parties had rested, the jury was allowed to separate during recess. Prior to each separation, the court with the jury present, asked the parties whether they had any objection to such separation. On each occasion consent was given. RCW 10.49.110 provides: "Juries in criminal cases shall not be allowed to separate, except by consent of the defendant and the prosecuting attorney, . . ."

The defendant contends reversible error was committed when the court sought such consent with the jury present. It is clear that the court errs when it makes such an inquiry. It is equally clear that such error is harmless unless the defendant can affirmatively establish prejudice. *State v. Carlson,* 144 Wash. 311, 258 P. 12 (1927); *State v. Holedger,* 15 Wash. 443, 46 P. 652 (1896). While it is true that a presumption of prejudice arises when RCW 10.49.110 is violated, *State v. Morden,* 87 Wash. 465, 151 P. 832 (1915); *State v. Bennett,* 71 Wash. 673, 129 P. 409 (1913); it is also true that no such presumption exists when the jurors have been permitted to separate. *State v. Hettrick,* 67 Wn.2d 211, 407 P.2d 150 (1965). The statute was not violated in the case at bar. Defendant did consent to the separation of the jury. He did not affirmatively establish any prejudice by reason of the trial court's action.

Thus, although we must conclude that only harmless error was committed, we deem it appropriate to reiterate what the Supreme Court stated over 70 years ago in *State v. Holedger, supra* at 448:

> In the absence of any proof of the effect that the appellant was prejudiced in any way by the action of the court, we do not feel like reversing a case on this ground alone; but we desire to take occasion to say that considering the difficulty of making such a showing of injury by the party who claims to be aggrieved, we think it is a

practice which should not be indulged in by trial courts, because, as appellant complains, if they did entertain any objection to the separation of the jury they were called upon to so state in the presence of the jury, and would thereby run the risk of incurring the displeasure of some juror. *The court could very easily call counsel to him and ascertain privately and without the knowledge of the jury whether there were any objections to their separation.*

(Italics ours.)

The judgment is affirmed.