[No. 378-2.     Division Two.     October 28, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. DANNIE F. NICHOLS, *Appellant*.

*H. John Aitken* (appointed counsel for appeal), for appellant.

*Smith Troy, Prosecuting Attorney,* and *Richard A. Strophy, Deputy,* for respondent.

ARMSTRONG, J.—Dannie F. Nichols appeals from a conviction and sentence for armed robbery.

His appeal raises three primary issues: (1) Whether the court committed prejudicial error by informing the jury that they were being sequestered at the request of the defendant. (2) Whether there was substantial evidence to warrant an instruction on flight. (3) Whether the admission into evidence of certain items of defendant's clothing was inflammatory and prejudicial.

Pertinent to our discussion, the record reveals the following facts: On March 20, 1970 at approximately 2 a.m., the victim, Mr. Hermann, was driving his automobile en route from Seattle to Olympia. Near the Fort Lewis area he picked up two hitchhikers, one of whom was the defendant, the other, a stranger to defendant, named John Flamm. Mr. Hermann stopped the car to let the hitchhikers out at the off ramp at the Martin Way exit to Olympia. Flamm stepped out of the car and walked several car lengths away. Defendant Nichols, however, remained in the back seat, pulled a knife, pointed it at the victim and demanded that he surrender his car, change and cigarettes. Hermann surrendered all but his automobile and the defendant got out of the car. The victim immediately notified local police of the robbery and with the aid of state Trooper Klewin the defendant was apprehended and arrested soon thereafter. Although the facts were disputed, there was substantial evidence to establish the fact that prior to his apprehension the defendant was running or loping along the freeway at a rather fast clip.

During the selection of the jury the court asked if there had been any written stipulation as to the separation of the jury. The prosecutor said that the state had no objections to the jury separating. After the jury was chosen, the court

informed the jury that the defense had demanded that the jury be sequestered. In the course of the trial, the state was allowed to introduce into evidence the clothes the defendant wore on the day of the robbery, including his beret, pants, coat and bead necklace.

Defendant first contends reversible error was committed when the court informed the jury that they were being sequestered at the insistence and request of the defendant. It is clear that the court errs when it makes such a statement in the presence of the jury. However, it is equally clear that such error is harmless unless the defendant can affirmatively establish prejudice. *State v. Holedger,* 15 Wash. 443, 46 P. 652 (1896); *State v. Pinkerton,* 1 Wn. App. 224, 460 P.2d 689 (1969). While we strongly disapprove of the court making such a statement before a jury our review of the record convinces us that no prejudice arose under the facts of this case. The jury was sequestered for only 1 night. There was overwhelming evidence of the guilt of the defendant and we are convinced that the obvious error did not affect the verdict of the jury.

Next, defendant excepts to the giving of instruction No. 5 which informed the jury as follows:

> You are instructed that if you are convinced by the evidence in this case beyond a reasonable doubt that the act alleged as the crime with which the defendant is here charged was in fact committed, and you further find that immediately or soon thereafter such defendant fled from the place where such act is alleged to have been committed, then the flight, if any, of the defendant is a circumstance to be considered by the jury, together with the other evidence in the case. If is not sufficient in itself to establish the guilt of the defendant, but its weight as evidence is a matter for the jury to determine in connection with all the other facts in the case.

We find no error in this instruction. The record shows that both officers and the victim testified to the effect that shortly after the robbery and prior to the arrest they spotted the defendant running along the shoulder of the freeway. One stated that he was "in a lope or kind of going

along at a pretty good clip"—apparently slowed by the carrying of a large suitcase. The law makes no nice or refined distinctions as to the manner or mode of flight. The range of circumstances which may be shown as evidence of flight is broad. The test to be applied is whether the evidence or circumstances giving rise to the contention of flight is substantial and sufficient so as to create a reasonable and substantive inference that defendant's departure from the scene was an instinctive or impulsive reaction to a consciousness of guilt or was a deliberate effort to evade arrest and prosecution. *State v. Bruton,* 66 Wn.2d 111, 401 P.2d 340 (1965). In applying this test to the instant case, we conclude that there was substantial evidence of flight from the scene of the crime as defined by this state, set forth in *Bruton.*

Finally, defendant assigns error to the trial court's admission into evidence of defendant's beret, pants, coat and bead necklace. He contends that such items had no bearing upon his guilt or innocence; that the state's prime motivation in introducing such items was merely to align defendant with the "hippie" movement or life style and that therefore, such items were irrelevant and of an inflammatory nature.

We cannot agree with the defendant's contention that the relevance of this evidence was outweighed by its inflammatory nature. The trial court has discretion in determining the relevance of evidence. Any evidence which tends to identify the accused as the guilty person is relevant. *State v. Spadoni,* 137 Wash. 684, 243 P. 854 (1926); *State v. Whalon,* 1 Wn. App. 785, 464 P.2d 730 (1970). The robbery occurred in the early morning hours. Additionally, John Flamm, the other hitchhiker and witness for the state was placed in such a position of observation that his visibility was made more difficult by the early morning darkness. Thus, in view of these and other circumstances, the identity of the defendant proved an important factor in determining his guilt. We, therefore, conclude that the clothing was relevant and material for the purpose of identification and

that the trial court properly allowed such items into evidence.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.