

2015 SEP 21  ⚬: 5.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,               )
                                   )    No. 72247-6-I
          Respondent,              )
                                   )    DIVISION ONE
     v.                            )
                                   )
SCOTT T. VISNICH,                  )    UNPUBLISHED OPINION
                                   )
          Appellant.               )    FILED: September 21, 2015
_____)

BECKER, J. — This appeal involves the admissibility of evidence of a defendant's flight from the scene of a crime. The trial court did not abuse its discretion by admitting evidence that the appellant, Scott T. Visnich, suddenly departed from a bank, leaving behind his driver's license and a forged check that he had attempted to cash. The trier of fact was properly allowed to decide what weight to give the evidence.

Visnich tried to cash a forged check at a Shoreline bank. He presented the check to a teller who determined that a stop payment order had been placed on the account from which the check was drawn. The teller, who had also obtained Visnich's driver's license, asked her supervisor for assistance. The supervisor asked Visnich questions about the check and specifically asked how he acquired it. The supervisor then asked Visnich "to have a seat." As Visnich stepped back, the supervisor turned around to call the account holder.

While the supervisor was on the telephone with the account holder, Visnich left, leaving behind the check and his driver's license. The supervisor saw Visnich leaving, and at about that same time, the account holder told the supervisor that he did not sign the check. She called the police.

Earlier the same day at a different bank, Visnich had successfully cashed a check drawn on the same account. Visnich was charged with two counts of forgery. He filed a pretrial motion to preclude the State from arguing that his act of leaving the bank was evidence of flight. The trial court denied the request, and Visnich was convicted. On appeal, Visnich claims the evidence of flight was erroneously admitted.

Flight is an admission by conduct. Evidence of flight is admissible if it creates a reasonable and substantive inference that a defendant's departure from the scene was an instinctive or impulsive reaction to a consciousness of guilt or was a deliberate effort to evade arrest and prosecution. State v. Nichols, 5 Wn. App. 657, 660, 491 P.2d 677 (1971). When evidence of flight is admissible, it tends to be only marginally probative as to the ultimate issue of guilt or innocence. State v. Freeburg, 105 Wn. App. 492, 497-98, 20 P.3d 984 (2001). "Therefore, while the range of circumstances that may be shown as evidence of flight is broad, the circumstance or inference of consciousness of guilt must be substantial and real, not speculative, conjectural, or fanciful." Freeburg, 105 Wn. App. at 498; accord State v. Price, 126 Wn. App. 617, 645, 109 P.3d 27, review denied, 155 Wn.2d 1018 (2005).

Visnich contends the evidence of flight in his case was too speculative to prove that he was acting intentionally to avoid arrest. He also invokes ER 403, claiming the trial court erred by admitting the State's evidence of flight because it was unduly prejudicial. Visnich cites State v. Bruton, 66 Wn.2d 111, 401 P.2d 340 (1965).

In Bruton, two women suspected of shoplifting were questioned by a store detective. They began to walk away once the detective left. In finding that those facts were improperly admitted as evidence of flight, the court held that the inference of an attempt to evade arrest was too speculative. Bruton, 66 Wn.2d at 112-13. Here, by contrast, Visnich's decision to leave the check and his driver's license behind indicates his awareness that the police were being called. The evidence gives rise to a real and substantial inference of his consciousness of guilt.

The trial court did not abuse its discretion in admitting the evidence. Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

Dwyer, J.