[No. 12448.   Department Two.   April 22, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v.
GEORGE WILLIAMS, *Appellant*.[1]

RAPE—RESISTANCE—SUFFICIENCY OF EVIDENCE. In a prosecution for assault with intent to rape, a verdict against defendant is sustained by evidence showing that the prosecuting witness fought defendant as much as she was able; that she was afflicted with heart trouble, which prevented further resistance; and that, within an hour after the assault, she complained to two persons, one of them a policeman.

RAPE—RELATION OF PERSON ASSAULTED—SUFFICIENCY OF EVIDENCE. A finding by the jury that the prosecutrix in a prosecution for assault with intent to rape was not the wife of defendant was warranted, where the evidence showed that defendant had met her only a few times within a period of a few days preceding the assault, and that he did not know her name; and defendant testified he was a married man, and that his wife was in the courtroom during the trial, it being manifest that the person to whom he referred was not the prosecuting witness.

Appeal from a judgment of the superior court for King county, Humphries, J., entered June 20, 1914, upon a trial and conviction of assault in the second degree. Affirmed.

*Howard O. Durk*, for appellant.

*John F. Murphy* and *Crawford E. White*, for respondent.

CROW, J.—The defendant, George Williams, has appealed from a judgment and sentence entered upon the verdict of a jury convicting him of the crime of assault in the second degree. The information charges that:

"He, said George Williams, in the county of King, state of Washington, on the 21st day of March, 1914, did then and there wilfully, unlawfully and feloniously make an assault upon the person of one Olive Jacobsen, a female person, with intent then and there to commit a felony, to wit, rape, upon said Olive Jacobsen."

[1] Reported in 147 Pac. 865.

The only question raised by the assignments of error is that the evidence was not sufficient to sustain the verdict. The above excerpt, quoted from the information, clearly sets forth the charge. In a case of this character no good purpose would be served in stating the evidence in detail. Appellant's principal contention is that it is not sufficient to show that the prosecuting witness resisted his assault with such force as to show a want of consent upon her part. She testified that she fought him as much as she was able; that she is afflicted with heart trouble, which prevented further resistance on her part. The evidence further shows that, within an hour after the assault, she complained to two witnesses, one of whom was a policeman, and that appellant was arrested within a day or two and charged with the crime.

Another point raised is that the evidence fails to show that the prosecuting witness was not appellant's wife. The undisputed evidence shows that he had met her only a few times within a period of a few days preceding the assault, that he did not know her name, and that he and she were scarcely acquainted. He himself testified that he was a married man; that his wife was in the courtroom at the time of the trial, it being manifest that the person to whom he referred as his wife was not the prosecuting witness. The prosecuting witness was not his wife, and the jury was justified in so finding.

No assignments of error are made upon the admission or rejection of evidence, nor upon the instructions given or refused. The evidence is clearly sufficient to sustain the verdict and the judgment is affirmed.

Morris, C. J., Ellis, Main, and Fullerton, JJ., concur.