[No. 18473.    Department One.    April 28, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH MERTZ, *Appellant*.[1]

RAPE (27)—FORCE AND RESISTANCE—EVIDENCE—SUFFICIENCY. Meager evidence of force is sufficient to sustain a conviction of rape, where the complaining witness, a niece living with the defendant, was not strong mentally or physically.

SAME (21)—SUBSEQUENT OFFENSE—EVIDENCE—ADMISSIBILITY.   In a prosecution for forcible rape, it is error to receive evidence of an unrelated offense six weeks after the offense charged, and of complaints thereof made by the prosecuting witness.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered December 17, 1923, upon a trial and conviction of rape. Reversed.

*Miller, Wilkinson & Miller,* for appellant.

*Jos. E. Hall* and *Dale McMullen,* for respondent.

[1]Reported in 225 Pac. 62.

TOLMAN, J.—Appellant, who was defendant below, appeals from a conviction upon a charge of forcible rape, under subd. 2, of § 2435, Rem. Comp. Stat. [P. C. § 9107].

The complaining witness was nineteen or twenty years of age, not strong mentally, with very defective eyesight—so much so that she had for several years been in attendance at the state school for the blind, during the school year. The appellant is her uncle, and she had made her home with him and his wife for about ten years, and he had stood in the place of a father to her for the greater part of her life. The details of the actual offense charged are shown by her testimony alone, and that testimony as to her resistance being forcibly overcome is meager at the best. The appellant complains that the evidence fails to show that any resistance was made, or that any force was used, and also complains of the manner and form in which this question was presented to the jury. The court gave the following instructions on this subject:

"As I have instructed you, in order to constitute the crime of rape force must be used by the male, and that force must be sufficient to overcome the will and consent of the prosecuting witness. The court cannot define the exact amount of force that is necessary, but does instruct you that before you can find the defendant guilty you must find beyond a reasonable doubt that the defendant did by force overcome her will and commit the act of sexual intercourse without her consent.

"You are instructed that you cannot find the defendant guilty in this case upon proof alone that defendant had intercourse with the complaining witness.

"To authorize a conviction of rape the jury must believe from the evidence beyond a reasonable doubt that the defendant had carnal connection with the prosecuting witness forcibly and against her will and

that she did not yield her consent during any part of the act.   To constitute the crime of rape, the will of the female alleged to have been outraged must have been overcome by force or violence.   If she consents to sexual intercourse in the least during any part of the act, there is no such opposing will as the law requires to convict on the charge of rape.''

There are not wanting cases which hold that the female must use all of her powers of resistance and defense, but under the particular facts of this case, and bearing in mind the physical and mental condition of the prosecuting witness, and the relations then and theretofore existing between the parties, we think the evidence was sufficient to carry the question to the jury, and this case is peculiarly one for the application of the more modern and humane rule:

''In all cases the circumstances and conditions surrounding the parties to the transaction are to be considered.   It is proper to consider the age and strength of the woman, and her mental condition is also to be considered as bearing upon the question of whether the act was against her will and consent, and the extent of the resistance which the law required her to make.   If the girl is very young, and of a mind not enlightened on the question, this consideration will lead the court to demand less clear opposition than in the case of an older and more intelligent female, or even lead to a conviction where there was no apparent opposition.'' 22 R. C. L., p. 1181.

See, also, Underhill's Criminal Evidence (3d ed.), 856; 2 Bishop's Criminal Law, § 1122; *State v. Pilegge*, 61 Wash. 264, 112 Pac. 263, and *State v. Williams*, 85 Wash. 253, 147 Pac. 865.   We think this question was properly submitted to the jury.

After the complaining witness had given testimony as to the details of the charge, she was asked and permitted to testify in detail as to a second wholly unre-

lated offense which occurred some six weeks later. Appellant objected to any evidence as to the subsequent offense, and continued to object, each time insisting that evidence of a subsequent like act was wholly inadmissible. It is quite possible that there was confusion in counsel's mind as to the rule in forcible rape cases being the same as in so-called statutory rape cases, where proof of other like offenses has been permitted to show lustful disposition and the like, and that this confusion was so communicated to the trial court as to affect his ruling; but still the objections were sufficiently specific to save the point. No authority is cited, and we know of none in a case of this kind, which will sustain the admission of evidence of a subsequent offense. The well settled rule is to the contrary. 33 Cyc. 1483, and cases there cited. For this error the judgment must be reversed and a new trial ordered.

Error is assigned because of the admission of evidence of complaint having been made by the prosecuting witness of the second and subsequent offense. The result just reached on the prior question renders a consideration of this one unnecessary, as, of course, evidence of the second offense being ruled out, evidence of complaint having been made of that offense will not again be offered or received.

The judgment is reversed and the cause remanded for a new trial.

MAIN, C. J., HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.