[No. 29348. Department Two. November 16, 1944.]

THE STATE OF WASHINGTON, *Respondent*, v. VICTOR SWANE, *Appellant*.[1]

*McMullen & Snider*, for appellant.

*R. DeWitt Jones* and *Albert M. Nanney*, for respondent.

ROBINSON, J.—The subject matter of this appeal is of such a disgusting nature that only an irreducible minimum of the particulars will be recited in this opinion.

Appellant was informed against in three separate counts charging him with carnal knowledge of three different fifteen year old boys, two by anus and the other by mouth. The jury returned a verdict of guilty on all three counts. The appropriate post-trial motions were made and overruled, and appellant was given the maximum sentence of

[1] Reported in 153 P. (2d) 311.

ten years on each count, said sentences, however, to run concurrently.

■ The first contention raised on appeal is that the court erred in permitting the complaining witness, as to the first count, to testify that the defendant carnally knew him on several occasions prior to the date of the offense relied upon. In support of this contention, appellant cites *State v. Mertz*, 129 Wash. 420, 225 Pac. 62. There is no merit in this contention. See *State v. Oberg*, 187 Wash. 429, 60 P. (2d) 66, which is directly adverse, and *State v. Jordan*, 6 Wn. (2d) 719, 108 P. (2d) 657, wherein the question here raised was thoroughly discussed and the *Mertz* case distinguished.

■ The appellant further contends that the evidence submitted by the state in support of count two was insufficient to support a conviction. We will not quote this evidence, but we have examined it with care and have arrived at the following conclusions: The question raised turns upon the construction to be given to two short questions propounded to the prosecuting witness and his two short answers thereto. Under one construction, which has some trifling collateral support in other evidence, these questions and answers are equivalent to testimony that the crime charged in count two was actually committed; but, under another and permissible construction, only an attempt is shown. When this point was first raised, by a motion for nonsuit at the close of the state's case, the trial court, in ruling, said:

"Well, the witness could have been more specific, of course, but I think that it is not impossible for the jury to understand from his language that he was testifying that the defendant committed the crime charged, and so long as it may be understood to that effect, what was actually testified to is for the jury to say, so I think I should not grant the motion so long as there is a possibility that the language used by the witness may mean that."

We entirely agree with the trial court that it was not impossible for the jury to understand from the language of the witness that he meant to testify that the defendant committed the crime charged. In fact, we think it highly prob-

able that the witness intended to so testify. But, as we have hereinabove stated, the vital testimony necessary to support conviction of the crime charged is reasonably susceptible of a construction that only an attempt was made. It was, therefore, clearly impossible for the jury to find, beyond a reasonable doubt, that the appellant committed the crime charged.

The judgment as to counts one and three is affirmed. As to count two, the judgment is reversed and the count dismissed.

SIMPSON, C. J., BEALS, BLAKE, and MALLERY, JJ., concur.