[No. 33459.   Department Two.   December 22, 1955.]

THE STATE OF WASHINGTON, *Respondent*, v. BILLIE CHARLEY, *Appellant*.[1]

*Robert I. Bounds*, for appellant.

*Don J. Clark* and *Dean C. Smith*, for respondent.

ROSELLINI, J.—The defendant was charged with the crime of sodomy in that he "did carnally know by the anus a male person over the age of fifteen years." After a trial to the court, as provided by Laws of 1951, chapter 52, § 1, p. 147 (RCW 10.01.060), he was found guilty. From the judgment and sentence entered in accordance with the findings, he appeals, contending that the evidence is in-

[1]Reported in 291 P. (2d) 673.

sufficient to prove the essential element of the crime, that penetration had occurred.

Penetration however slight must be proven to sustain a conviction of sodomy. *State v. Olsen*, 42 Wn. (2d) 733, 258 P. (2d) 810.

The element of penetration, like any other fact, may be proven by direct or circumstantial evidence. *State v. Thorne*, 43 Wn. (2d) 47, 260 P. (2d) 331; *State v. Gay*, 82 Wash. 423, 144 Pac. 711.

A verdict in either civil or criminal cases may be based entirely upon circumstantial evidence. *State v. Evans*, 32 Wn. (2d) 278, 201 P. (2d) 513.

In order to sustain a conviction on circumstantial evidence, the circumstances proven by the state must not only be consistent with the hypothesis that the accused is guilty, but also must be inconsistent with any hypothesis or theory which would establish or tend to establish his innocence. *State v. Long*, 44 Wn. (2d) 255, 266 P. (2d) 797; *State v. Gillingham*, 33 Wn. (2d) 847, 207 P. (2d) 737.

It would serve no useful purpose to detail the sordid evidence. From the state's evidence, it is easy to infer that penetration was probably effected; however, the evidence is also consistent with the hypothesis that only an attempt was made or that the defendant was engaged in other sexual misconduct.

A finding of guilty cannot be sustained where the evidence relied upon for conviction of a crime is reasonably susceptible of construction that only an attempt was made. *State v. Swane*, 21 Wn. (2d) 772, 153 P. (2d) 311.

The judgment is reversed, with instructions to dismiss the charge.

HAMLEY, C. J., FINLEY, HILL, and WEAVER, JJ., concur.