[No. 37702.    Department Two.    April 22, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTINE L. BRUTON, *Defendant*, VIRGIE WASHINGTON, *Appellant*.*

*Warner, Pierce & Peden* (*B. Gray Warner*, of counsel), for appellant.

*Charles O. Carroll* and *John M. Watson*, for respondent.

HAMILTON, J.—Defendant, Virgie Washington, while shopping with a friend, Christine L. Bruton, in a large Seattle department store, was purportedly observed endeavoring to conceal two size "44 regular" men's suits, together with hangers, under her dress. As the two women left the store, they were stopped by the store detective and his assistant and questioned relative to the alleged act of shoplifting. They stoutly protested the accusation, and a crowd soon gathered. The store detective re-entered the store to call the police, and the two women, apparently unimpeded by

*Reported in 401 P.2d 340.

the assistant store detective, walked up the street. They were later apprehended by the police several blocks away. In the meantime, the suits were found on a wrapping counter a short distance from the point where they were allegedly taken.

Defendant Washington and Mrs. Bruton were jointly charged with grand larceny. On trial, before a jury, Mrs. Bruton was acquitted. Defendant Washington was convicted, sentenced to a maximum term of 15 years in the penitentiary, and appeals.

Appellant makes six assignments of error, one directed to the admission of certain evidence, three directed to instructions given, and two to the denial of post trial motions.

We find no error in the admission of the challenged evidence, nor in the giving of two of the questioned instructions, consideration being accorded to the particular context in which such instructions were given. We are, however, prone to agree with appellant's challenge to the instruction whereby the trial court advised the jury it could consider, as a circumstance bearing upon guilt or innocence, whether appellant fled from the scene.

■ It is an accepted rule that evidence of the flight of a person, following the commission of a crime, is admissible and may be considered by the jury as a circumstance, along with other circumstances of the case, in determining guilt or innocence. The rationale of the principle is that flight is an instinctive or impulsive reaction to a consciousness of guilt or is a deliberate attempt to avoid arrest and prosecution. *State v. Gellerman*, 42 Wn.2d 742, 259 P.2d 371 (1953); *State v. Moser*, 37 Wn.2d 911, 226 P.2d 867 (1951); *State v. Wilson*, 26 Wn.2d 468, 174 P.2d 553 (1946); *State v. Lew*, 26 Wn.2d 394, 174 P.2d 291 (1946).

The law makes no nice or refined distinctions as to the manner or mode of flight, and the range of circumstances which may be shown as evidence of flight is broad. However, the circumstance or inference of flight must be substantial and real. It may not be speculative, conjectural, or fanciful. In other words, the evidence or circumstances introduced and giving rise to the contention of flight must

be substantial and sufficient to create a reasonable and substantive inference that the defendant's departure from the scene of difficulty was an instinctive or impulsive reaction to a consciousness of guilt or was a deliberate effort to evade arrest and prosecution. Pyramiding vague inference upon vague inference will not supplant the absence of basic facts or circumstances from which the essential inference of an actual flight must be drawn.

In the instant case, there is naught but speculation that at the time the two women were stopped by the store detective and his assistant they were possessed of the suits in question. In fact, the evidence adduced would indicate the contrary. The store detective testified he did not take them into custody or restrain them because of the gathering crowd and the unfavorable implications that might flow from such action. Instead, the store detective re-entered the store to call the police, leaving his assistant on the scene. Thereafter, the two women walked up the street. Whether their gait was fast or slow, or whether the assistant detective ignored them, followed them, or tried to stop them is shrouded in mystery for the state did not call him as a witness, although the record indicates he was available. When the women were apprehended by the police several blocks away and approximately an hour later, they offered no resistance to arrest, although they again denied participation in any shoplifting incident.

We cannot agree with the state that upon such a slender showing the jury should be instructed, and the state be permitted to argue, that the jury could premise a finding of flight and consider such a finding as a circumstance bearing upon guilt or innocence of appellant. If the state believed the actions of appellant, under the circumstances, constituted flight, it was incumbent upon the state to support that theory with the available evidence bearing thereupon, rather than leave it to the jury to speculate as to whether the appellant simply and freely walked away from a disagreeable scene or actually fled out of a sense of guilt and/or fear of prosecution.

We conclude that the giving of the challenged instruction was error and prejudicial to appellant. Appellant's motion for new trial should have been granted.

■ Appellant next contends her post trial motion in arrest of judgment should have been granted. One office of this motion is to test the sufficiency of the evidence to take the case to the jury. *State v. McDaniels*, 30 Wn.2d 76, 190 P.2d 705 (1948); *State v. Reynolds*, 51 Wn.2d 830, 322 P.2d 356 (1958). Appellant did not, however, preserve by appropriate trial motions her challenge to the sufficiency of the evidence. Neither did she support her assignment of error with adequate written argument or citation of authorities. We do not, therefore, consider this contention. *In re Cassel*, 63 Wn.2d 751, 388 P.2d 952 (1964).

In passing, however, it should be pointed out that, as the testimony now stands, it is reasonably susceptible of the construction that only an attempt to commit grand larceny was made. Under such circumstances, it is at least questionable as to whether the jury could properly find, beyond a reasonable doubt, that defendant committed the crime as charged. *State v. Swane*, 21 Wn.2d 772, 153 P.2d 311 (1944); *State v. Charley*, 48 Wn.2d 126, 291 P.2d 673 (1955).

The judgment of conviction is reversed and the cause remanded for new trial.

Rosellini, C. J., Donworth and Finley, JJ., and Ryan, J. Pro Tem., concur.