STATE OF NEBRASKA, APPELLEE, v. EDWARD LEE LINCOLN, APPELLANT.

164 N. W. 2d 470

Filed January 24, 1969. No. 36976.

A. Q. Wolf and Lynn R. Carey, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and MORAN, District Judge.

McCown, J.

Defendant, Edward Lee Lincoln, was found guilty by a jury on a charge of burglary. On appeal, the contention is that it was reversible error to instruct the jury on the issue of flight.

At about 3:15 a.m., on December 23, 1967, a window at the Borsheim Jewelry Store was broken and various items taken from the window display. The store is located at Sixteenth and Harney Streets in downtown Omaha. The display window was equipped with an ADT alarm system. Within a few seconds, the break alarm was reported and broadcast to the police. Within 10 to 20 seconds after the break alarm signal was received, a service man for the ADT Company left the company offices some 3 blocks from the scene of the crime. He proceeded west in an automobile through an alley between Harney and Farnam Streets. As he reached Fifteenth Street, he saw a car coming around the corner 1 block from the scene of the crime. The headlights were off and it was traveling about 30 miles per hour. There was no other traffic on the street at the time. The car passed directly in front of him heading north, and he saw there were two men in the car. It was a new 1968 bright red automobile. It had in-transit stickers on the front and rear windows and no license plates. Meanwhile, a police officer, at a time approximately 5 minutes before the burglary, had seen a red 1968 Chevy II with in-transit plates parked in an alley, some 2½ blocks from the Borsheim Jewelry Store, with its lights off. He backed the cruiser up and started down the alley, but the automobile pulled out at the other end of the alley. He stopped to check doors in the alley and spent a minute or two. Shortly after he left the alley, he received the alarm. He was only a few blocks from the store when the alarm was received. He went immediately to the scene, checked momentarily with other police officers, and proceeded north and west. At a point approximately 5 blocks from the jewelry store, at Seventeenth

and Capitol Streets, he saw the same automobile he had seen in the alley minutes before. He radioed for assistance in stopping the car, and followed it for a few blocks. When he turned on his red light and spotlight, the automobile pulled into a filling station and stopped. Property taken in the burglary was found in the car. The police officer arrested the defendant and his companion 4 minutes after the broken window activated the alarm.

It is apparently the defendant's position that because the automobile stopped almost immediately after the officer turned on his red light and spotlight, and there is no evidence as to the speed of the chase, there is no evidence of flight.

The term "flight" is often misused for the word "departure." Departure from the scene after a crime has been committed, of itself, does not warrant an inference of guilt. "Flight" may be established by a broad range of circumstances. We believe the proper rule to be that for departure to take on the legal significance of flight, there must be circumstances present and unexplained which, in conjunction with the leaving, reasonably justify an inference that it was done with a consciousness of guilt and pursuant to an effort to avoid apprehension or prosecution based on that guilt. See, 29 Am. Jur. 2d, Evidence, § 228, p. 279; State v. Sullivan, 43 N. J. 209, 203 A. 2d 177; State v. Bruton, 66 Wash. 2d 111, 401 P. 2d 340. See, also, II Wigmore on Evidence (3d ed.), § 276, p. 111; 1 Wharton's Criminal Evidence (12th ed.), 1969 Cum. Supp., § 205, p. 95.

The specific instruction given here was: "You are instructed that the voluntary flight of a person immediately or soon after the occurrence of a crime, with which the person so fleeing has been charged, is a circumstance, not sufficient of itself to establish guilt, but a circumstance nevertheless which the Jury may consider in connection with all the other evidence in the case to aid you in determining the question of the guilt or innocence of such person." That instruction was proper. See

Davis v. State, 171 Neb. 333, 106 N. W. 2d 490. While the necessity or advisability of giving the instruction in this case may be debatable, the circumstances present here were clearly sufficient to sustain an inference of flight as distinguished from mere departure from the scene of a crime.

The judgment of the district court was correct and is affirmed.

AFFIRMED.

MORAN, District Judge, concurring in result.

I do not agree with the statement that the instruction was proper. I submit that it is defective in that it assumes there was flight. This was for the jury to determine, not the judge. The judge should have defined flight, left it to the jury to determine whether there was flight, and then given the instruction quoted. This is the substance of the instruction which was approved in State v. Sullivan, 43 N. J. 209, 203 A. 2d 177.

The error did not result in a substantial miscarriage of justice, and I am for affirmance of the judgment under the authority of section 29-2308, R. R. S. 1943.