Jasen, J.
This appeal presents a question of the admissibility of evidence of uncharged assaults at a youthful offender trial based on underlying charges of assault.
On March 20, 1967, a four-count indictment was returned against defendant charging him with burglary in the first degree, second degree assault, possession of a dangerous weapon, and *182 third degree assault in connection with alleged crimes committed upon his pregnant girl friend, one Johnnie Belinda H. Defendant was only 16 years old when the crimes were committed, and the Grand Jury recommended that he be treated under the youthful offender provisions of the Code of Criminal Procedure (§§ 913-e-913-r). The recommendation was granted and the District Attorney filed a four-count youthful offender information which superseded the indictment (Code Crim. Pro., § 913-g, subd. 4).
After trial, defendant was adjudicated a youthful offender based upon findings that he committed second degree assault and unlawfully possessed a dangerous weapon. He was committed to an indefinite reformatory term pursuant to article 3-A of the Correction Law.
The Appellate Division, First Department, affirmed by a divided court. The dissenters voted to reverse and order a new trial upon the ground that the testimony at trial concerning uncharged assaults committed by defendant constituted reversible error. The majority held that admission of this testimony was harmless error.
Defendant contends on appeal that the trial court erred in admitting into evidence proof of crimes not charged in the youthful offender information.
At trial, Belinda, then 18 years old, testified that she had known defendant for two years and that he was the father of her two children. She attended a party with defendant on March 11,1967. Shortly after midnight, Belinda became jealous when she observed defendant kiss another girl, and left the party. Defendant followed her and forced her to accompany him to the roof of a nearby building. There defendant beat Belinda about the face, causing her to suffer an epileptic seizure.[1]
Having worked out his irritation in this manner, defendant walked Belinda to her apartment. Belinda related that she entered the apartment, but would not allow defendant inside. Defendant repeatedly knocked on the locked door and then appeared to leave. Belinda then lay down upon a couch with her baby and fell asleep. Somewhat later, she was awakened by the sound of breaking glass and observed defend *183 ant enter the apartment through the bathroom window. Defendant attempted to strangle her with his hands and then stabbed her in the stomach with a butcher knife, inflicting a minor wound. Belinda was one-month pregnant by defendant at this time and had previously informed him of this fact.[2]
However, Belinda also testified concerning uncharged crimes allegedly committed by defendant. Over the objection of defense counsel, Belinda was allowed to testify that defendant had threatened her brother in December, 1966, with the same knife used in the crime charged. Also over objection, Belinda related that two days before trial defendant beat her and threw their 11-month-old son to the floor after she informed defendant that she had been to the District Attorney’s office. Belinda was then asked by the prosecutor, “ When else has the defendant struck you! ” The court accepted the District Attorney’s argument that “ prior and subsequent acts would be admissible in this instance to show the defendant’s intent ” and overruled the defense objection to the question. Belinda then related that defendant had attempted to strangle her in January, 1967. She further testified over objection that during the summer of 1966 defendant pulled a gravity knife and forced her to the roof of a building where he pressed the blade to her throat and attempted to stab her.
Taking the stand in his defense, the defendant admitted attending a party with Belinda on March 11, but denied assaulting her after the party or breaking into the apartment and stabbing and attempting to strangle her. He also denied committing the uncharged assaults to which Belinda had testified.
We conclude that the trial court erred in considering testimony of crimes not charged in the youthful offender information. Youthful offender proceedings remain by direction of the Legislature in courts of criminal jurisdiction and are governed by the provisions of the Code of Criminal Procedure insofar as they are applicable. (Code Grim. Pro., § 913-q.) It is well established that ‘ ‘ adjudication as a youthful offender must rest upon a finding that the defendant committed the criminal acts charged against him in the indictment or information”. (People v. Sykes, 22 N Y 2d 159, 163-164; Code Crim. Pro.,
*184 § 913-j.) In ascertaining whether the defendant committed the acts charged against him in the youthful offender information, the material facts must he proven by competent and sufficient evidence and the rules of evidence applicable to criminal trials generally apply unless expressly displaced by inconsistent statutory provisions pertaining to youthful offender proceedings. (Code Grim. Pro., § 913-q; People v. Shannon, 1 A D 2d 226, affd. 2 NY 2d 792; Matter of Gault, 387 U. S. 1; cf. People v. Fitzgerald, 244 N. Y. 307; cf. People v. Lee, 27 A D 2d 700; cf. People v. Sykes, supra.) In fact, the District Attorney concedes that the general rules of evidence apply to this youthful offender proceeding, but argues that testimony as to unrelated assaults was admissible to establish defendant’s intention in the crime charged.
The basic rule concerning use of evidence of uncharged crimes and offenses is that such evidence is inadmissible if offered for no purpose other than to raise an inference that a defendant is of a criminal disposition and, therefore, likely to have committed the crime charged. (People v. Goldstein, 295 N. Y. 61.) The rules governing the admissibility of uncharged crimes represent a “balance between the probative value of such proof and the danger of prejudice which it represents to an accused.” (People v. Schwartzman, 24 N Y 2d 241; People v. Dales, 309 N. Y. 97; see, also, People v. Molineux, 168 N. Y. 264, 291-294; McCormick, Evidence [1954], § 157; Fisch, New York Evidence [1959], § 209.) Thus, evidence of other crimes is admissible if directly probative of the crime charged for in that event the evidence is relevant for a purpose other than to show a criminal disposition and its probative value is deemed to outweigh the danger of prejudiced.[3] (People v. Schwartzman, supra.) As these principles have been applied in our decisions to evidence sought to be introduced to prove a defendant’s intention in the crime charged, the probative ‘ ‘ balance ’ ’ has generally warranted admission of this evidence only where the acts involved in the crimes charged are equivocal so that intention is not easily inferred from the acts alone. (People v. Schwartzman, supra, pp. 247-248; cf. People *185 v. Molineux, supra, pp. 297-299; cf. People v. Peckens, 153 N. Y. 576; cf. Mayer v. People, 80 N. Y. 364; cf. Richardson, Evidence [9th ed., 1964], § 177.) “In such cases it is recognized that ‘ proof of intent is often unobtainable except by evidence of successive repetitions of the act.’” (People v. Schwartzman, supra, p. 248; People v. Molineux, supra, p. 298.)
Here, the alleged act of defendant in stabbing Belinda is unequivocal and his intention to inflict physical injury may be inferred from the act itself. Defendant did not contest the element of intention in the crime charged, but rather denied that he stabbed Belinda or assaulted her in any way. In such circumstances, the evidence of uncharged assaults served no purpose other than to prejudice the accused. Thus, here, as in People v. Liller (20 N Y 2d 727), the probative value of the testimony of other uncharged crimes was outweighed by its prejudicial effect and this evidence was, therefore, erroneously admitted.[4]
Nor .can we agree with the Appellate Division majority that the error in admitting evidence of other assaults is harmless. Before an error can be held to be harmless, the court must decide that it was harmless- beyond a reasonable doubt. (People v. Schwartzman, supra; People v. Cefaro, 23 N Y 2d 283; People v. Kingston, 8 N Y 2d 384; Code Grim. Pro., § 542.) The decision in each case as to whether the error was harmless or prejudicial must of necessity depend upon the nature of the proof adduced and upon the type of error committed. (Cf. People v. Carborano, 301 N. Y. 39.)
In the instant case there were no competent witnesses[5] to the assaults upon Belinda. Defendant denied stabbing her or assault *186 ing her, in any way. His testimony that he walked Belinda to her second-floor apartment and then immediately left the building is corroborated by the testimony of other witnesses who observed him enter the apartment building and leave shortly thereafter. The resolution of defendant’s guilt, therefore, hinged upon whether Belinda’s or defendant’s version of the events on the night in question be believed. The impact of the erroneously received evidence of uncharged assaults was to demonstrate defendant’s violent nature and propensity to commit assaults. The inherent prejudicial nature of evidence of uncharged crimes and the obvious danger that a defendant may be convicted of the crime charged solely because he committed unrelated crimes at some other time is recognized by the general rule excluding such evidence unless directly and highly relevant to the crime charged. The admission of the evidence of uncharged assaults was certainly prejudicial to defendant in this case and, under these circumstances, cannot be considered harmless error. (Cf. People v. Cefaro, supra.)
Accordingly, the judgment appealed from should be reversed and a new trial granted.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Breitel concur.
Judgment reversed and a new trial ordered.

. This -assault constitutes the basis for the fourth -count of the youthful offender information charging third degree assault.

. This ¡testimony relates to the other three counts of the information.

. Of course, evidence of other crimes may also be admissible to impeach a witness in certain circumstances (CPLB. 4513; People v. Schwartzman, supra; cf. Richardson, Evidence [9th ed., 1964], § 510).

. The avowed purpose of the Trial Judge in admitting this evidence of other crimes was their bearing upon defendant’s intention in respect to the crime charged. We note that not only was the evidence incompetent for this purpose, but it was also inadmissible for any other purpose. Defendant did not produce evidence of his character, and it is axiomatic that evidence of other assaults could not be introduced under these circumstances to establish defendant’s violent character. (People v. Van Gaasbeck, 189 N. Y. 408; People v. Sharp, 107 N. Y. 427; Richardson, Evidence, supra, § 154.) Nor is this evidence of other assaults admissible to show defendant’s consciousness of guilt concerning the crime charged. (Cf. Richardson, supra, § 172.)

. An 11-month-old baby was the only other person present in the apartment at the time defendant attempted to strangle Belinda and stabbed her.