■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PEEK, Appellant.—The judgment rendered in the Supreme Court, New York County, on June 12, 1974, convicting defendant, after trial to a jury, of attempted murder, reckless endangerment in the first degree and possession of a weapon as a felony, and sentencing him to concurrent indeterminate terms of up to five years is affirmed. The testimony by Warren Merriweather that he recognized the defendant from the neighborhood and that he observed defendant fire shots into a doorway from the same car and at the same location two or three days before the crimes charged in the indictment, was properly allowed. We fully agree with our dissenting brother that evidence of uncharged illegal acts is inadmissible for the purpose of establishing criminal disposition. However, it is admissible to prove intent of the defendant provided that "the acts involved in the crimes charged are equivocal so that intention is not easily inferred from the acts alone" *(People v McKinney,* 24 NY2d 180, 184). Here, there was no eyewitness testimony as to who initiated the shootout. Although the evidence established that the defendant exchanged shots from within his automobile with an unknown and unprotected man in the street, there was no direct proof that the defendant was the aggressor. It was incumbent upon the People to show that he was not an innocent victim shooting to defend himself. The prior shooting incident in which the defendant engaged was of a similar nature and proximate in time and location to the crime charged. Under the circumstances the evidence was properly admitted to show that defendant was the aggressor. (See *People v McKinney, supra; People v Schwartzman,* 24 NY2d 241, 247–248; *People v Katz,* 209 NY 311, 328; *People v Bates,* 271 App Div 550, 554–555; *People v Molineux,* 168 NY 264, 293, 305–306.) We have examined the other points raised and are unanimous in finding them without merit. Concur—Markewich, J. P., Lupiano and Nunez, JJ.; Murphy, J., dissents in the following memorandum: Defendant was convicted of attempting to murder an unidentified man during a shootout on a Harlem street, recklessly endangering the life of an innocent bystander (who was struck by a bullet in the crossfire and killed) and possession of a weapon. A teenage eyewitness to the incident testified to seeing defendant, while driving a gold car, exchange gunshots with another individual who was lying in the middle of the street. There was no eyewitness testimony as to who initiated the shooting. Cognizant of the fact that defendant's acts were not so unequivocal that an inference of criminal intent could be easily drawn from them, the People were permitted, over objection, to introduce testimony by the same young eyewitness that he had observed defendant fire into a doorway (from the same automobile) a few days prior to the incident in the issue. I find no legal justification for the receipt of such clearly prejudicial testimony. It is, of course, fundamental that evidence of uncharged and unrelated illegal acts is inadmissible for the purpose of establishing criminal disposition. *(People v Fiore,* 34 NY2d 81.) Such evidence, however, is admissible only if directly probative of the crime charged and for certain relevant purposes. *(People v Fiore, supra; People v McKinney,* 24 NY2d 180; *People v Molineux,* 168 NY 264.) In the instant case the People claim such evidence falls within several recognized exceptions to the general rule and was properly admitted to establish intent, identity and design or plan. The difficulty here, however, is that no connec-

tion whatsoever was shown between the shooting charged in the indictment and the alleged firing into a hallway two or three days earlier. Moreover, it was never even established that there was anyone in the hallway on the prior occasion, much less the same person involved in the crime charged. (Cf. *People v Fasano,* 11 NY2d 436.) Equally without merit are the other two proffered exceptions. Defendant's presence at the shootout was conceded and his identity was never an issue. And the fact that defendant was seen firing a gun from the same automobile and in the same vicinity a few days earlier, furnishes no evidence, by itself, of any design or plan, since "merely showing two or more similar crimes does not necessarily establish a common scheme." *(People v Fiore, supra,* p. 87.) Accordingly, the reception of the evidence as to defendant's prior misconduct served only to establish his criminal propensity and blur the critical issues presented. By reason thereof, the judgment should be reversed and a new trial directed.