584 P.2d 1231

## STATE of Idaho, Plaintiff-Respondent,

v.

William WRENN and James Humphrey, Defendants-Appellants.

No. 12658.

Supreme Court of Idaho.

Oct. 3, 1978.

Ronald J. Jarman, Pocatello, for defendants-appellants.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Arthur J. Berry, Asst. Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

James Humphrey and William Wrenn, defendants-appellants herein, were tried in district court before a jury and convicted of robbery. Humphrey was sentenced to an indeterminate term not to exceed eight years in the Idaho State Penitentiary, while Wrenn was sentenced to an indeterminate sentence not to exceed four years, and this appeal follows. We reverse.

Richard Allen, the victim of the alleged robbery and the primary prosecution witness, testified at trial as follows: During the morning of March 2, 1977, he was walking through an alley in Pocatello when Wrenn and Humphrey gestured for him to come over to their car. A conversation ensued and he agreed to assist Wrenn and Humphrey in procuring transit aid from the Salvation Army. Prior to this meeting he and the appellants had never met. Allen testified he voluntarily entered the car and that he, Wrenn and Humphrey spent some time together driving around in the vehicle, buying gas, purchasing beer at a local supermarket, and going to the Salvation Army to procure transit aid for gasoline. After they purchased gasoline with the transit aid, Wrenn and Humphrey proceeded to drive him to a spot outside the city limits of Pocatello. Allen testified that Wrenn and Humphrey stated that they had guns and unless he gave them his money they would use the guns. He stated he never saw the weapons but turned over the money, between $75 and $100, out of fear of possible bodily harm.

The state produced other witnesses who indicated that they had seen Allen, Wrenn and Humphrey together on March 2, 1977. Officer McDaniel, one of the investigating officers, testified as to his initial interview of Allen and his investigation of the activities of Allen and the appellants on March 2, 1977. In the course of his testimony, Officer McDaniel stated that a license check with the National Crime Information Center of the auto in which Wrenn and Humphrey were traveling revealed the vehicle was stolen. Appellants' attorney moved for a mistrial on the ground that the testimony relative to the auto was irrelevant and highly prejudicial. The court denied the motion but ordered that the testimony of Officer McDaniel as to the auto be stricken and gave the jury a strong cautionary warning to disregard such testimony.

At trial Wrenn and Humphrey admitted to being with Allen on the date in question but denied that they had robbed him. Both testified that Allen voluntarily gave them $13 to help them out. Wrenn and Humphrey both stated that they were in transit to a possible job in Florida and had only just arrived in Pocatello on March 2, 1977. When Wrenn and Humphrey were apprehended some thirteen hours later in Billings, Montana, no weapons were found and the appellants had only $3 in their possession.

I

■ On appeal Wrenn and Humphrey contend they were prejudiced by the trial court giving a jury instruction as to "flight" which was not justified by the evidence. The following instruction was given:

YOU ARE INSTRUCTED, the flight of a person immediately after the commission of a crime, if any, and if you find such flight to be a fact, is not sufficient in itself to establish guilt, but is merely a fact which if proven, may be considered by you in the light of all other proven facts in deciding the question of guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine.

The issue of the propriety of a "flight" instruction is one of first impression in Idaho. We are of the opinion that because of the debatable significance of flight as evidence of guilt, an instruction on flight should not ordinarily be given. It should be left to argument to the jury by the parties, unless the trial judge because of the peculiar facts in the particular case feels it is essential to the jury's deliberations. *People v. Larson*, 572 P.2d 815 (Colo.1978); *Robbins v. People*, 142 Colo. 254, 350 P.2d 818 (1960); *People v. Baker*, 26 N.Y.2d 169, 309 N.Y.S.2d 174, 257 N.E.2d 630 (1970); *State v. McCormick*, 280 Or. 417, 571 P.2d 499 (1977).[1]

1. Recently some jurisdictions have raised questions as to the propriety of giving any instruction as to "flight." The United States Court of Appeals for the District of Columbia in *United States v. Robinson*, 154 U.S.App.D.C. 265, 475 F.2d 376 (1973) stated: ". . . evidence of

We concur in the statement of the Colorado Supreme Court in *Robinson v. People*, 114 Colo. 381, 165 P.2d 763, 765 (1946) where they stated that an instruction on "flight":

. . . is rarely advisable and should never be given unless the peculiar facts of the case appear to make it essential. It generally impinges upon the rule that particular portions of the evidence should not be singled out and emphasized by special instructions. Again, most of the authorities which assume to enumerate the essentials of this element are based upon the peculiar facts of a given case and may not be taken as generally applicable to all.

The problems associated with a flight instruction are clearly presented in the case at bar. The trial court stated the evidence elicited at trial that was indicative of flight and supported such an instruction was the alleged hasty departure of the defendants from the actual scene of the crime and not the fact Wrenn and Humphrey departed from Pocatello and were found in Billings, Montana. However, the instruction that was given to the jury does not point to this distinction. It is entirely possible that under the instruction given the jury could have characterized Wrenn and Humphrey's departure from Pocatello to Billings, Montana as flight and therefore indicative of guilt.

■ The departure of Wrenn and Humphrey from Pocatello and their subsequent apprehension some thirteen hours later in Billings, Montana is not indicative of flight, but rather is consistent with the fact the defendants were transients. Mere departure from the area where a crime allegedly took place is not by itself sufficient to support an instruction on "flight." *State v. Rodgers*, 103 Ariz. 393, 442 P.2d 840 (1968).

■ For departure to take on the legal significance of flight, there must be other circumstances present and unexplained which, together with the departure, reasonably justify an inference that it was done with a consciousness of guilt and in an effort to avoid apprehension or prosecution based on that guilt. *State v. Lincoln*, 183 Neb. 770, 164 N.W.2d 470 (1969); *State v. Sullivan*, 43 N.J. 209, 203 A.2d 177 (1964); *State v. Bruton*, 66 Wash.2d 111, 401 P.2d 340 (1965); 29 Am.Jur.2d, Evidence, § 228 (1967); 2 Wigmore, Evidence § 276 (Chadbourn rev. 1974); 1 Wharton's Criminal Evidence § 14 (13th ed. 1973).

■ Since the jury, under the instruction given, might have considered evidence of the defendants' departure from Pocatello as constituting "flight" and evidence of guilt, we are of the opinion that it was error to give such instruction.

II

Wrenn and Humphrey also contend the trial court erred in denying their motion for mistrial following testimony by Officer McDaniel, a prosecution witness, that Wrenn and Humphrey were traveling in a stolen automobile on the date the robbery allegedly took place.

flight tends to be only marginally probative as to the ultimate issue of guilt or innocence. The interest of justice is perhaps best served if this matter is reserved for counsel's argument, with little if any comment by the bench." The trend toward abolishing instructions on "flight" is also supported by the following: *State v. Humbolt*, 562 P.2d 123 (Kan.App.1977); *State v. Jefferson*, 11 Wash.App. 566, 524 P.2d 248 (1974); *State v. Fleming*, 523 S.W.2d 849 (Mo. Ct.App.1975), citing Missouri Pattern Jury Instructions adopted by the Missouri Supreme Court which abolished the "flight" instruction; and Illinois Pattern Instructions, Criminal 3.03, relying on *People v. Weller*, 123 Ill.App.2d 421,

258 N.E.2d 806 (1970), which did not allow instructions to be given on the subject of flight, leaving the question of flight as a proper subject of argument.

The United States Supreme Court, although not specifically ruling on the issue, seriously question the probative value of evidence of flight in *Wong Sun v. United States*, 371 U.S. 471, 483, footnote 10, 83 S.Ct. 407, 415, 9 L.Ed.2d 441 (1963). The Court in a lengthy footnote attacked the axiom of criminal law that "the wicked flee when no man pursueth, but the righteous are as bold as a lion." See also, *Alberty v. United States*, 162 U.S. 499, 16 S.Ct. 864, 40 L.Ed. 1051 (1896).

Evidence of other unrelated criminal activity of the accused is generally inadmissible to show that the accused committed the crime for which he is on trial. *State v. Hatton*, 95 Idaho 856, 522 P.2d 64 (1974); *State v. Shepherd*, 94 Idaho 227, 486 P.2d 82 (1971); *State v. Tisdel*, 94 Idaho 329, 487 P.2d 692 (1971); McCormick on Evidence § 190 (E. Cleary ed. 1972). Only in limited areas is evidence of past criminal activity allowed to come before the jury. Evidence of other crimes is admissible when relevant to prove:

> (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial, and (6) other similar issues.

*State v. Shepherd, supra*, 94 Idaho at 230, 486 P.2d at 85; e. g., *State v. Hatton, supra* ; McCormick on Evidence, *supra.*

The other crime alluded to by Officer McDaniel in his testimony, i. e. theft of an automobile, was in no way linked to, or connected with, the crime with which Wrenn and Humphrey stood charged. It does not fit under any of the exceptions mentioned above. Officer McDaniel's testimony as to the status of the automobile was irrelevant and prejudicial to the defendants. The prejudicial effect of such testimony is that it induces the jury to believe the accused is more likely to have committed the crime on trial because he is a man of criminal character. It, therefore, takes the jury away from their primary consideration of their guilt or innocence of the particular crime on trial. *People v. McKinney*, 24 N.Y.2d 180, 299 N.Y.S.2d 401, 247 N.E.2d 244 (1969); McCormick on Evidence, *supra; accord*, Bell, Handbook of Evidence for the Idaho Lawyer 121 (2d ed. 1972).

The state argues that any prejudicial effect of Officer McDaniel's statement was cured by the trial court's instruction to the jury to disregard the statement to the extent it referred to Wrenn and Humphrey as traveling in a stolen automobile. Numerous Idaho cases have held that error in admission of evidence may be cured by a proper instruction to the jury and that it must be presumed the jury obeyed the trial court's instruction to disregard the objectionable testimony. *State v. Ramsbottom*, 89 Idaho 1, 402 P.2d 384 (1965); *State v. McConville*, 82 Idaho 47, 349 P.2d 114 (1960); *State v. Polson*, 81 Idaho 147, 339 P.2d 510 (1959).

However, in the instant case, the prosecution before trial had agreed with the defense and with the court not to present any testimony that the automobile in which the defendants were riding was stolen. This clearly shows that the parties and the court considered that the testimony could be prejudicial. There is nothing in the record that shows that the prosecution deliberately elicited the testimony but that still does not remedy the effect of such testimony. The trial judge initially expressed concern as to the prejudicial effect on the jury of Officer McDaniel's statement and doubt as to whether a cautionary instruction could eliminate the prejudice from the jury's mind. In light of the trial judge's doubt as to the effectiveness of a cautionary warning, and the fact that all the parties were concerned about such testimony before trial, we are convinced that presumption of the efficaciousness of cautionary warnings discussed above is overcome in this case.

Every person accused of a crime in Idaho has the right to a fair and impartial trial. *State v. Wilbanks*, 95 Idaho 346, 509 P.2d 331 (1973). When a trial judge has doubts as to whether a cautionary instruction can cure the introduction of objectionable testimony which prejudices defendant's rights, a mistrial should ordinarily be ordered rather than for the court to rely on a cautionary instruction to the jury. It was error in this case not to do so.

The state contends that if the trial court erred with regard to instructing the jury as to "flight" and failing to grant defendants' motion for mistrial, it was only harmless error because substantial rights were not affected. I.C.R. 52.

Where the evidence of defendants' guilt is satisfactory and is such as ordinarily produces moral certainty or conviction in an unprejudiced mind, and the result would not have been different had an error in the trial not been committed, the judgment of conviction will not be reversed. *State v. Tisdel, supra; State v. Gilbert*, 65 Idaho 210, 142 P.2d 584 (1943).

The record in the case at bar does not indicate strong evidence of Wrenn and Humphrey's participation in the crime. The only substantial evidence to support the conviction is the testimony of Allen, the complaining witness. All other testimony elicited at trial by the prosecution merely indicates that Allen, Wrenn and Humphrey were seen together on March 2, 1977; a fact Wrenn and Humphrey freely admit.

In view of the limited evidence in support of conviction, we cannot say that the testimony alleging Wrenn and Humphrey were traveling in a stolen automobile and the trial court's error in instructing the jury as to "flight" did not play a considerable role in the jury's decision of finding defendants guilty. We are of the opinion that under the facts in the present case there was a reasonable probability that the verdict might have been different had the errors not been committed.

Judgment of conviction reversed and cause remanded.

SHEPARD, C. J., and McFADDEN and BISTLINE, JJ., concur.

BAKES, Justice, concurring specially:

The analysis of the majority opinion as to both of the errors committed in the course of the trial of the above matter is correct. While I am not prepared to say that either one of the two errors, standing alone, would warrant a reversal of this conviction, the combination of the two, together with the limited evidence in support of the conviction, convinces me that the combined effect of the two errors was prejudicial, and that the defendants are entitled to a new trial.