602 P.2d 62

STATE of Idaho, Plaintiff-Respondent,

v.

James A. THACKER, Defendant-Appellant.

No. 12595.

Supreme Court of Idaho.

Oct. 30, 1979.

Everett D. Hofmeister, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

Before DONALDSON, C. J., and SHEPARD, BAKES, McFADDEN and BISTLINE, JJ.

PER CURIAM.

Thacker was convicted of burglarizing an automobile in Bonners Ferry, Idaho, on July 27, 1976. He entered a plea of not guilty, relied on an alibi defense, and presented witnesses, including himself, who placed him in Spokane, Washington, at the time of the burglary.

During the trial the prosecution had sought introduction into evidence as an exhibit an Information which had been filed in adjacent Bonner County naming Thacker as a defendant who had in that county committed a crime. The exhibit was rejected by the court.

Approximately four hours after the jury retired to deliberate, on noticing the disappearance of the rejected exhibit, the jury was called back into the courtroom and it was then ascertained that the rejected exhibit had gone into the jury room with the admitted exhibits. It was retrieved from the jury, and the jury orally reminded that it had been rejected, could not properly be considered, had no bearing on the merits, and the jury was instructed to disregard it.

Thacker's ensuing motion for a mistrial, alternatively for a directed verdict or dismissal, was denied.

Thacker's primary contention in this court is that the prejudice done him by the rejected exhibit going with the jury could not be dispelled by the cautionary instruction which the court gave, or by any instruction—necessitating that he be given a new trial free of such error. The State contends contrariwise, and also points to a general instruction which the court gave the jury as to the information in the case being tried:

"The court instructs the jury that the information in this case is of itself a mere accusation or charge against the defendant and is not of itself any evidence of the defendant's guilt, and the jury are not to be prejudiced or influenced to any extent against the defendant because a criminal charge has been made against him. . . ."

The rejected exhibit, however, was not "the information in this case." Moreover, and of graver consequence, the rejected exhibit was unlike the information under which Thacker was being tried, and in fact unlike most informations it was not in the form of a charge or accusation, but an advice from the prosecuting attorney of Bonner County to the court that Thacker had in Bonner County, Idaho, on July 27, 1976, committed the crime of robbery.[1]

Not only did the exhibit portray Thacker as having committed a robbery, but it established his presence in Bonner County, adjacent to Boundary County, on the same

---

1. The exhibit, as pertinent, read that the prosecuting attorney " . . . informs this Court as follows: That on or about the 27th day of July, 1976, the crime of ROBBERY, *Idaho Code* § 18–6501, was committed by JAMES A. THACKER and GARY D. HULL, . . ."

date that Thacker and his witnesses testified that he was in Spokane, Washington.

In *State v. Wrenn*, 99 Idaho 506, 584 P.2d 1231 (1978) defendants were charged with robbing a man of his money. At trial an officer testified that they were traveling in a stolen automobile on the date the robbery took place. What we said in reversing that conviction is applicable here, and leads us to the same conclusion. We point out that *State v. Wrenn* had not been released when this case was tried.

The judgment of conviction is reversed and the cause remanded for further proceedings which may include a new trial.