■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME IRBY, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 18, 1978, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant contends that the trial court erroneously permitted the prosecution to cross-examine him concerning a prior assault conviction, involving the stabbing of another individual two years earlier. Initially, at a *Sandoval* hearing, the prosecution was precluded from using the prior assault conviction. But, after the defendant testified that the victim's wound was caused accidentally, the prosecution successfully sought to use the prior assault conviction to show a lack of mistake or accident, as an exception under *People v Molineux* (168 NY 264). In limited instances, "where the evidence of prior * * * criminal conduct has a bearing upon a material aspect of the People's case other than

the accused's general propensity toward criminality, * * * the probative value of the evidence justifies its admission, notwithstanding the potential for incidental prejudice" *(People v Santarelli,* 49 NY2d 241, 247). But "cross-examination with respect to crimes or conduct similar to that of which the defendant is presently charged may be highly prejudicial, in view of the risk, * * * that the evidence will be taken as some proof of the commission of the crime charged" *(People v Sandoval,* 34 NY2d 271, 377). Although the mere similarity of the crimes does not *ipso facto* shield a defendant from the use of the prior crime at a trial, the probative value of the earlier crime must be established (see *People v Rahman,* 62 AD2d 968, affd 46 NY2d 882). The admissibility of prior crimes represents a balance between the probative value of such proof and the danger of prejudice to an accused *(People v Schwartzman,* 24 NY2d 241). "If the evidence is actually of slight value when compared to the possible prejudice to the accused, it should not be admitted, even though it might technically relate to some fact to be proven" *(People v Allweiss,* 48 NY2d 40, 47). Since in the instant case the prior assault involved a different victim, it had little, if any, bearing on the issue of lack of accident, or even intent, with respect to the crime in question. The People claim, however, that the underlying facts of the prior conviction, since it also involved the use of a knife, show that the defendant had prior experience with and would normally resort to the use of a knife. Not only does this proof fail to establish lack of accident, it tends instead to show the defendant's propensity toward criminality, thus raising the inference that he was likely to have committed the crime charged. Thus, the trial court erred in permitting the prosecution to cross-examine the defendant concerning his prior assault conviction. We do not consider this error harmless, as this evidence is inherently prejudicial *(People v McKinney,* 24 NY2d 180). The resolution of defendant's guilt hinged upon which version of the events in question was to be believed. Since the question of credibility was decisive, the potential effect of the error was substantial. Therefore, defendant is entitled to a new trial. We also note that the trial court improperly caused the defendant to be examined at the *Sandoval* hearing. The defendant should not be under compulsion to testify at such a hearing *(People v Sandoval,* 34 NY2d 371, 375, *supra).* But this error, by itself, is not a ground for reversal because the defendant concededly suffered no harm as a result. We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.