**FILED**
**FEBRUARY 20, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34836-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SAMUEL T. BANKS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Samuel Banks appeals his conviction for possession of a controlled substance—methamphetamine. He challenges the sufficiency of the evidence. We affirm.

## FACTS

Officers Brandon Rankin and Andres Valencia were on patrol in Spokane, Washington. Shortly after midnight, they drove near Mr. Banks, who was riding a bicycle along a street without a headlight or taillight. Officer Rankin activated his emergency lights to initiate a traffic stop. Mr. Banks did not stop. Officer Rankin drove next to Mr. Banks, rolled down the patrol car window, and commanded Mr. Banks to stop. Mr. Banks instead veered off the street, pedaled through a yard, and turned into an alleyway.

Officer Rankin left Officer Valencia in the patrol car and pursued Mr. Banks on foot. Mr. Banks did not obey repeated commands to stop. Mr. Banks lost control of his bicycle and went over the handlebars. He landed in the middle of a poorly lit alley. The middle of the alley was bare dirt, but one side was covered with tall weeds. After landing, Mr. Banks deliberately rolled toward and into the tall weeds.

Officer Valencia searched Mr. Banks and did not find any weapons or controlled substances. However, Officer Rankin searched the weeds Mr. Banks had deliberately rolled into and found a neatly folded wad of cash and a plastic "baggie" containing what later tested positive for methamphetamine.

Law enforcement photographed the scene, including the undisturbed cash and methamphetamine. The photographs show a neatly folded stack of bills and bag of methamphetamine, without any accumulation of moisture or dirt, in good condition. Several weeks later Jacqueline Guerin, a criminal defense investigator, also photographed the crime scene. Those pictures generally show the state of the alley, including the weeds and the presence of weathered and decaying debris and garbage.

The State charged Mr. Banks with possession of a controlled substance— methamphetamine. The matter proceeded to a jury trial. After the State presented its case, Mr. Banks moved to dismiss on the basis of evidentiary insufficiency. The trial

court denied the motion and later instructed the jury on actual and constructive

possession. The jury returned a guilty verdict. Mr. Banks appealed.

ANALYSIS

SUFFICIENCY OF THE EVIDENCE

Mr. Banks contends that the State's evidence was insufficient to convict him of

possession of methamphetamine. He claims the evidence was insufficient for a trier of

fact to find, beyond a reasonable doubt, that he actually or constructively possessed the

methamphetamine. We disagree.

In a criminal case, the State must provide sufficient evidence to prove each

element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.

307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In evaluating the sufficiency of the

evidence, the court must determine whether, when viewing the evidence in the light most

favorable to the State, any rational trier of fact could have found guilt beyond a

reasonable doubt. *State v. Pirtle*, 127 Wn.2d 628, 643, 904 P.2d 245 (1995). A claim of

insufficiency admits the truth of the State's evidence and all reasonable inferences from

that evidence. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). Reviewing

courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of

witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821,

3

874-75, 83 P.3d 970 (2004). This court does not reweigh the evidence and substitute its judgment for that of the jury. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). For sufficiency of evidence claims, circumstantial and direct evidence carry equal weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004).

To prove unlawful possession of a controlled substance, the State must prove only "the nature of the substance and the fact of possession." *State v. Bradshaw*, 152 Wn.2d 528, 538, 98 P.3d 1190 (2004); *see* RCW 69.50.4013. Possession can be actual or constructive. *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002). Actual possession occurs when a defendant has physical custody of the item, and constructive possession occurs if the defendant has dominion and control over the item. *Id.*

Mr. Banks's theory is that actual possession does not apply because the methamphetamine was not on his person when he was arrested. He also asserts that he could not have been in constructive possession because he had no dominion or control over the methamphetamine in the alley.

In response, the State contends that *State v. Hathaway*, 161 Wn. App. 634, 251 P.3d 253 (2011) is the most analogous case. There, Division Two of this court held that a jury could reasonably infer actual possession even if the arresting officer did not find the contraband on the defendant's person. We agree.

4

In *Hathaway*, law enforcement stopped Jennifer Hathaway's car and subsequently arrested her for driving with a suspended license. *Id*. at 640. During the search incident to arrest, the arresting officer heard a "'tink'" sound similar to something hitting the ground. *Id*. The officer looked down and saw a small vial on the road six inches from Ms. Hathaway's foot. *Id.* The vial contained a substance that later tested positive for methamphetamine. *Id.* The State charged her with unlawful possession of a controlled substance—methamphetamine. *Id.* At trial, the officer testified that the vial was where his patrol car would have run over it had it been there when he stopped Ms. Hathaway's car. *Id.* A jury found Ms. Hathaway guilty of the charged offense. *Id.* at 641. On appeal, she challenged the sufficiency of the evidence. *Id.* at 645. In denying her challenge, the appellate court concluded that the evidence was sufficient to allow the jury to infer that Ms. Hathaway had actual possession of the vial and dropped it while she was being frisked. *Id.* at 646.

Mr. Banks's case is similar. Here, Officer Rankin attempted to stop Mr. Banks for a traffic infraction. Mr. Banks immediately fled from the officer. "[F]light is an instinctive or impulsive reaction to a consciousness of guilt or is a deliberate attempt to avoid arrest and prosecution." *State v. Bruton*, 66 Wn.2d 111, 112, 401 P.2d 340 (1965). After a short pursuit, Mr. Banks crashed his bike and flew over the handlebars. After

5

No. 34836-9-III
*State v. Banks*

landing, Mr. Banks deliberately rolled into some tall weeds on the side of the alley.

Officers searched the area Mr. Banks had deliberately rolled into and found a neatly

folded stack of cash and a small plastic baggie filled with methamphetamine. Both items

were clean and dry, in contrast to the dirty alley. Based on this evidence, a jury could

reasonably infer that Mr. Banks had dropped both items in the weeds just prior to his

arrest. Under the deferential standard of our review, sufficient evidence supports Mr.

Banks's conviction.

APPELLATE COSTS

Mr. Banks asks this court to not award appellate costs in the event the State

substantially prevails. The State has substantially prevailed. In accordance with

RAP 14.2, we defer the question of appellate costs to our commissioner.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_Lawrence-Berrey, J._
Lawrence-Berrey, J.

WE CONCUR:

_Fearing, C.J._
Fearing, C.J.

_Korsmo, J._
Korsmo, J.

6